**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **GEORGE KENNETH SCHOPP,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:16-cv-00890-ALM-KPJ |
| | § | |
| **RESULTS NATIONAL LLC,** | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff George Kenneth Schopp's ("Plaintiff") Motion for Default Judgment (the "Motion") (Dkt. 12), which was filed on September 12, 2017, in response to the Court's order from September 8, 2017, requesting a status report or other action in the case. *See* Dkt. 11. After reviewing all relevant documents, the Court finds the Motion should be **DENIED**, and the Clerk's Entry of Default (Dkt. 10) should be **VACATED**.

**BACKGROUND**

On November 18, 2016, Plaintiff filed his Complaint (Dkt. 1) to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"). Defendant Results National, LLC ("Defendant") is a company that generates real-time prospects quickly for transfer to its customers' phone, email, or website. *See* Dkt. 1 at 8. Defendant is alleged to have made at least fifteen calls with an auto-dialer to Plaintiff's cell phone number, in violation of the TCPA. Defendant has not entered an appearance or submitted any responsive filings in the case.

On March 24, 2017, the Clerk issued an Entry of Default (Dkt. 10) after Plaintiff submitted a Request for Entry of Default (Dkts. 5, 8), a "proof of service" exhibit (Dkt. 5-1), a certified mail Affidavit of Service (Dkt. 5-2), and an Affidavit of Chris R. Miltenberger (Dkt. 9). After the Entry of Default, there was no activity in the case for nearly six months; therefore, the Court issued an order directing Plaintiff to update the Court on the status of the case or face dismissal for want of prosecution. *See* Dkt. 11.

Shortly thereafter, on September 12, 2017, Plaintiff filed the Motion for Default Judgment. *See* Dkt. 12. On September 13, 2017, the Court directed Plaintiff to file a supplemental brief establishing proof of proper service of process. *See* Dkt. 14. Plaintiff then filed additional information regarding process in accordance with the Court's directive. *See* Dkt. 16.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. *See* Fed. R. Civ. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The first step to a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Second, the clerk must enter the party's default when it is established by affidavit or otherwise. Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff must then apply to the clerk of the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins.*, 84 F.3d at 141.

Moreover, the decision whether to grant a motion for default judgment is within the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). A party is not entitled to a default judgment as a matter of right even where the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (internal citation omitted). Generally, a default judgment is a drastic remedy not favored by the Federal Rules of Civil Procedure and is used only in the most extreme cases. *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Separately, Rule 55(c) allows an entry of default to be set aside for "good cause." Fed. R. Civ. P. 55(c). Without proper service, there is no personal jurisdiction over the defendant, and thus, the Court has "good cause" to set aside the default as it is "void." *See, e.g., Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988); *Leedo Cabinetry v. James Sales & Distribution, Inc.*, 157 F.3d 410, 412 (5th Cir. 1998) ("When a district court lacks jurisdiction over a defendant because of lack of service of process, the default judgment is void and must be set aside. . . .").

## ANALYSIS

Although Plaintiff has reached the "third step" in the three-step process for a default judgment, the Court must first examine whether the entry of default (step two) was proper. As mentioned, a default may only be entered by the clerk when it has been established by affidavit or otherwise, *i.e.*, proper service of process must be proven prior to entering default. Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 14.

Under Federal law, service of process may be effectuated by "(1) following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . . ." Fed. R. Civ. P. 4(e)(1). Accordingly, to

determine whether service of process was properly completed in this case, the Court may look to Wyoming or Texas law in conjunction with Federal law.

Federal law allows for service of process by:

    A) delivering a copy of the summons and of the complaint to the individual personally;

    B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

    C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

The Texas and Federal Rules of Civil Procedure both require a properly-executed summons (or the equivalent) to be served upon the defendant in order for process to be sufficient. Fed. R. Civ. P. 4(c)(1); Tex. R. Civ. P. 106(a)(2). Under Texas law, any person authorized by Texas Rule of Civil Procedure 103 may serve process by "(1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tex. R. Civ. P. 106(a). Texas Rule 103 states that service may only be made by persons authorized by law or court order who are not "a party to or interested in the outcome of a suit." Tex. R. Civ. P. 103.

Similarly, under Wyoming law, a properly executed summons must be served on any defendant. *See* Wyo. R. Civ. P. 4(b). If the defendant is a corporation, service may be properly completed, "(A) by delivery of copies to any officer, manager, general agent, or agent for process . . . or (B) [i]f no such officer, manager or agent can be found in the county in which

4

the action is brought such copies may be delivered to any agent or employee found in such county." Wyo. R. Civ. P. 4(h)(1)(A), 4(h)(2)(B). The summons can be served "by any person who is at least 18 years old and not a party to the action or at the request of the party causing it to be issued, by the sheriff of the county where the service is made or sheriff's designee, or by a United States marshal or marshal's designee. . . ." Wyo. R. Civ. P. 4(C).

After reviewing all relevant statutes and Plaintiff's submitted evidence, the Court finds service was not properly executed under Federal, Texas, or Wyoming law. Plaintiff did not comply with either Federal or State rules in its service of process. Instead, Plaintiff provided two proofs of service: (1) the first indicated personal service on "John Doe, Caucasian male, white hair, brown eyes, 50's, 200 lbs," who is allegedly designated by law to accept service of process on behalf of Results National, LLC (Dkt. 5-1); (2) the second indicated service via certified mail to Defendant's registered agent in Wyoming (Dkt. 6).

Regarding the first proof of service, no statute allows proper service to be made by delivering a summons and complaint to a "John Doe," and an assertion that "John Doe" is authorized to accept service is insufficient. The Court, therefore, concludes that this proof of service is not sufficient under any applicable law.

Regarding the second certified mail proof of service, while the return receipt card was signed by "RM" and addressed to Defendant's registered agent, it has no printed name or indication of whether the recipient is actually an agent of the addressee. *Id.* at 3. The return receipt also contains no date. *Id.* Plaintiff hired Stinnett Process LLC, a certified process server, to effectuate process on Defendant. In an affidavit submitted by Barbara Stinnett, a representative of Stinnett Process LLC, Ms. Stinnett identifies "RM" as Rochelle Mitchell. *See* Dkt. 6 at 2. Barbara Stinnett does not, however, explain how she knows "RM" is Rochelle

5

Mitchell. Further, she does not explain who Rochelle Mitchell is in relation to Defendant or Defendant's registered agent. Plaintiff has not identified "RM" or "Rochelle Mitchell" as an individual who is authorized to receive process on behalf of Defendant. Accordingly, the Court concludes that Plaintiff's attempt to serve Defendant is not sufficient to meet the requirements of Rule 4(e), Texas law, or Wyoming law.

Given the finding that service was not proper, the Court must now consider whether dismissal is warranted. If a plaintiff has not effectuated proper service within ninety days of filing the complaint, the court may either dismiss the action without prejudice or, upon a showing of good cause, allow additional time for service. Fed. R. Civ. P. 4(m). Good cause is more than inadvertence, mistake, or ignorance of the rules. *See Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). Here, more than ninety days have passed since the filing of Plaintiff's Complaint, and service on Defendant has not been properly made. Although Plaintiff has not effectuated service within the designated timeframe, the Court recommends that Plaintiff receive an additional thirty (30) days to effectuate proper service of process on Defendant. The Court advises that Plaintiff either attempt to effectuate service directly on Defendant or ensure that any service on Defendant's registered agent be fully described and verified.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Plaintiff's Motion for Default Judgment (Dkt. 12) should be **DENIED**, and the Clerk's Entry of Default against Defendant Results National, LLC, entered on March 24, 2017 (Dkt. 10) should be **VACATED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**It is SO ORDERED.**
**SIGNED this 15th day of November, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE